J-S22010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANTE BRUCE RICE | : | |
| | : | |
| Appellant | : | No. 1111 MDA 2019 |

Appeal from the PCRA Order Entered June 12, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003481-2012

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                           **FILED MAY 15, 2020**

Appellant, Shante Bruce Rice, appeals from an order entered June 12, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history of this case are as follows.  On October 31, 2012, Appellant and an accomplice "broke a window and entered 1 Shiloh Court in Mechanicsburg, Pennsylvania, wherein they took a number of items from the residence, including jewelry, pocket knives, jars full of coins, alcohol, and three pistols.  Two of the pistols from the Shiloh Court property were sold, but [Appellant] maintained possession of the third firearm, a Smith & Wesson revolver."  ***Commonwealth v. Rice***, 2017 WL 1655573, at *1 (Pa. Super. May 2, 2017) (citation omitted).  Thereafter, on November 18, 2012,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant and "three other accomplices conspired and attempted to rob a Hess Express[ in Carlisle, Pennsylvania]." Trial Court Opinion, 6/12/19, at 2. During the course of the robbery, one of Appellant's cohorts, Tyler Mitchell Bradshaw ("Bradshaw") fatally shot Linda Ness ("Ness"), the cashier, with the Smith & Wesson revolver stolen from the Shiloh Court property. *Id.* At the time of the aforementioned incidents, Appellant was 19-years-old.

The Commonwealth ultimately charged Appellant with various crimes related to the incidents at Shiloh Court and Hess Express.[1] On September 11, 2014, the jury convicted Appellant of second-degree murder, criminal conspiracy to commit criminal homicide, robbery, criminal conspiracy to commit robbery, burglary, and criminal conspiracy to commit burglary. "On December 16, 2014, [Appellant] received a lifetime sentence of incarceration as a result of his conviction for [s]econd-[d]egree [c]riminal [h]omocide, with all lesser sentences imposed running concurrently therewith." *Id.* at 1. No direct appeal followed.

> On June 1, 2015, [however,] Appellant filed a *pro se* [PCRA] petition[.] The trial court appointed counsel, who filed an amended PCRA petition. On December 10, 2015, the trial court held a hearing on Appellant's amended PCRA petition. The trial court determined that trial counsel was ineffective for failing to file a direct appeal as directed by Appellant. Accordingly, by order entered on December 11, 2015, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc.*

*Rice*, 2017 WL 1655573 at *3.

---

[1] Appellant also committed two additional burglaries but these crimes are not at issue on the present appeal. Trial Court Opinion, 6/12/19, at 2.

Appellant then filed a direct appeal to this Court. On May 2, 2017, a panel of this Court vacated Appellant's conviction and sentence for the charge of criminal conspiracy to commit criminal homicide, but otherwise affirmed Appellant's judgment of sentence. *Id.* Our Supreme Court subsequently denied *allocatur* on November 22, 2017. **Commonwealth v. Rice**, 174 A.3d 1025 (Pa. 2017).

Thereafter, Appellant filed a *pro se* PCRA petition on September 28, 2018. The PCRA court then appointed counsel, who filed an amended PCRA petition on Appellant's behalf. In his PCRA petition, Appellant raised various claims of trial counsel's ineffectiveness. In addition, Appellant claimed that his sentence of life without parole violated the Eighth Amendment of the United States' Constitution in view of the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012) and the Equal Protection Clause of the Fourteenth Amendment. The PCRA court held an evidentiary hearing on January 14, 2019 during which trial counsel, Allen C. Welch, Esq., testified. On June 12, 2019, the PCRA court dismissed Appellant's petition. This timely appeal followed.[2]

Appellant raises the following issues on appeal:

---

[2] Appellant filed a notice of appeal on July 10, 2019. On August 9, 2019, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 8, 2019, expressly incorporating its opinion dated June 12, 2019.

I. Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that trial counsel was ineffective for failing to object to the trial court's jury instruction on second[-]degree murder which failed to define "in furtherance" [for] the jury?

II. Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that trial counsel was ineffective for failing to contest at sentencing the constitutionality of Appellant's life without parole sentence given the [United States] Supreme Court's decision in ***Miller***[?]

III. Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that [his] sentence of life without parole is unconstitutional and constitutes disproportionate punishment in violation of the Eighth Amendment of the United States Constitution pursuant to [***Miller***] and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016)?

IV. Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that [his] sentence of life without parole constitutes a violation of the Equal Protection Clauses of the United States and Pennsylvania Constitutions?

Appellant's Brief at 5.

As a general matter, we "review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Hammond***, 953 A.2d 544, 556 (Pa. Super. 2008).

In Appellant's first two appellate issues, he argues that trial counsel provided ineffective assistance.  As this Court previously explained,

> To prevail on a claim that counsel was constitutionally ineffective, the [petitioner] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.  A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Id.* at 556 (citations and quotations omitted).

Appellant first argues that trial counsel was ineffective for failing to object to the trial court's jury instruction for second-degree murder. Appellant's Brief at 11.  Specifically, Appellant claims that the trial court's "jury charge as to murder in the second degree, taken as a whole, was inadequate as it failed to define [the term] 'in furtherance.'" *Id.* at 15.  Per Appellant, "the omission of this definition amounted to a fundamental error because it failed to define an essential element of proof required for a jury to return a verdict of guilty." *Id.*  Appellant's claim lacks merit.

Generally, a court's jury instructions must be read in their entirety to determine if they are fair and complete.  The trial court has broad discretion in phrasing the charges.  *Commonwealth v. Daniels*, 963 A.2d 409, 410 (Pa. 2009).  Jury instructions will not be found in error if, taken as a whole, they adequately and accurately set forth the applicable law.  *Id.*

A trial court, however, "should not instruct a jury on legal principles which bear no relationship to the evidence presented at trial." ***Commonwealth v. Arrington***, 86 A.3d 831, 850 (Pa. 2014). Rather, there "must be some relationship between the evidence presented and the law upon which an instruction is requested." ***Commonwealth v. Taylor***, 876 A.2d 916, 923 (Pa. 2005) (citation omitted). "The reason for this rule is that, 'instructing the jury on legal principles that cannot rationally be applied to the facts presented at trial may confuse them and place obstacles in the path of a just verdict.'" ***Id.*** (citation omitted).

Herein, Appellant contends that the trial court needed to include the following definition in its jury instructions for second-degree murder.

> [The meaning of the "in furtherance" element is as follows]:
>
> A partner's act that kills is not in furtherance of the felony if the partner does the act for his or her own personal reasons that are independent of the felony.
>
> A partner's act that kills is in furtherance of the felony if he or she does the act while fleeing from the scene and if there is no break in the chain of events between the felony and the act. However, even though the partner's act that kills may seem to meet these requirements, it is not in furtherance of the felony if the partner does the act for his or her own personal reasons that are independent of the felony and the effort to flee.

Pa.S.S.J.I. §15.2502B. Upon review, however, the definition as set forth in Section 15.2502B is inapplicable because, at trial, no evidence was presented that Bradshaw killed Ness for reasons unrelated to the robbery. To the contrary, the evidence demonstrated that

- 6 -

> Bradshaw brandished the weapon at [Ness to] induce her to hand over the money, and whether or not the gun was discharged purposefully or accidently after that (as the defense contended), the slaying was in furtherance of the felony as the use of the gun was a vital part of the scheme to rob the store. The evidence also showed that [Appellant] knew that the gun was loaded and operational, [that] he gave the gun to [Bradshaw] for the purpose of using it in the robbery, and [that Appellant] knew that [Bradshaw] took it into the Hess Express[.]

Trial Court Opinion, 6/12/19, at 6-7. Because no evidence was presented to show that Bradshaw killed Ness for personal reasons, trial counsel was not ineffective for failing to object to the trial court's jury instructions. Thus, Appellant's claim lacks merit.

Moreover, Appellant's ineffective assistance claim fails for the additional reason of lack of prejudice. Indeed, Appellant's only allegation of prejudice is that the trial court's failure to define "in furtherance" deprived the jury of an "essential element of proof required for a jury to return a verdict of guilty." Appellant's Brief at 15. Appellant does not even argue that the inclusion of the requested jury instructions would have been so influential that it would have likely changed the outcome of his trial. Consequently, Appellant's claim fails for this additional reason.

Next, Appellant argues that trial counsel provided ineffective assistance because he failed to challenge Appellant's sentence of life without parole as unconstitutional in view of the United States Supreme Court's decision in *Miller*. Appellant's claim lacks merit.

We note:

In 2012, the United States Supreme Court decided ***Miller***, ***supra***, which held [that] mandatory life without parole sentences for those under the age of 18 at the time of their crimes violate[s] the Eighth Amendment's prohibition on "cruel and unusual punishments." ***Miller***, 567 U.S. at 465[.] The Supreme Court held that a juvenile homicide defendant could only be sentenced to life without the possibility of parole if he or she is determined to be permanently incorrigible, irreparably corrupt, or irretrievably depraved. [***Id***.] at 471[.]

***Commonwealth v. Lee***, 206 A.3d 1, 2–3 (Pa. Super. 2019), *appeal denied*, 218 A.3d 851 (Pa. 2019). As explicitly stated in ***Miller*** and repeatedly held by this Court, the ban on mandatory sentences of life without parole "applies to only those defendants who were '**under the age of 18 at the time of their crimes**.'" ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (emphasis added) (citation omitted).

Herein, it is undisputed that, at the time of the commission of the crime, Appellant was 19-years-old. As such, "Pennsylvania law holds that [Appellant] is not entitled to the rights established under [***Miller***] as he was not a juvenile at the time of his offenses." Trial Court Opinion, 6/12/19, at 9. Accordingly, Appellant's ineffective assistance claim fails for lack of merit.[3]

Finally, Appellant argues that his sentence of life without parole violates the Equal Protection Clause of the United States' Constitution.[4] Appellant

_____

[3] Due to our disposition of this claim, we need not address Appellant's third appellate issue because it sets forth the same challenge to the constitutionality of his sentence.

[4] While Appellant stated in his question presented that his sentence violates the Equal Protection Clause of Pennsylvania's Constitution, he advances no

claims that Pennsylvania draws an "arbitrary distinction" by allowing those who are "17 years and 364 days old" to present "mitigation evidence in support of a sentence of less than life without parole" but then, prevents 18-year-old offenders from presenting the same defense. Appellant's Brief at 25-26. Upon review, however, we conclude that Appellant waived this claim because a freestanding constitutional challenge to the disparate treatment of juvenile and adult offenders could have been raised on direct appeal, but was not. *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding"); **Commonwealth v. Price**, 876 A.2d 988, 992-993 (Pa. Super. 2005) (same), *appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, 549 U.S. 902 (2006). Based upon the foregoing, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/15/2020

---

such argument in his appellate brief and, as such, it is waived. **Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa. Super. 2015) (citation omitted) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").